## HALLECK, EXECUTOR, vs. GUY.

### *Fourth Judicial District Court, August 1857.*

### JUDICIAL SALES—STATUTE OF FRAUDS—NEW TRIAL.

A party cannot rely on a motion for a new trial, upon the fact that a sale of real estate is void because it was not in accordance with the statute of frauds, when that objection was not taken at the trial, or pleaded in the answer.

The section in our statute of frauds referring to auction sales applies only to personal property; a memorandum of the sale of real estate by the auctioneers, properly subscribed, will bind both parties.

Judicial sales are not within the purview of the act; and sales by the Probate Court, when confirmed, are regarded as judicial sales. A party wishing to object to the validity of a sale by the Probate Court, has the opportunity when the motion comes up for a confirmation of the sale.

At the sale of real estate, part of the property of the late Captain Folsom, which took place last November, under an order of the Probate Court of San Francisco County, defendant became purchaser of certain lots. With the exception of two lots, Guy held mortgages on the entire quantity so bought, for money loaned in 1854. Suit was brought by the executors of Folsom, for $15,850, the amount of sales. On the 20th of May last, a decree was entered up against the defendant, directing him to make a credit of $15,460 on the mortgage, and directing the payment in cash of the further sum of $400, the amount of purchases on property not covered by the mortgage. A motion was made for a new trial, and argued and submitted on the 27th of June.

*F. Billings* and *G. Yale*, for plaintiffs.

*Whitcomb, Pringle & Felton*, for defendant.

HAGER, J.—Denied the motion, and stated, the ground relied upon

on the motion for a new trial, namely: that the sale by the executors was void, because it was not in accordance with the statute of frauds, was not taken on the trial, nor set up in the answer, and ought not to be entitled to much consideration. Although the section in our statute in regard to fraudulent conveyances and contracts, relating to auction sales, applies only to personal property, yet it has been frequently held, under statutes substantially the same as ours in principle, that sales of real estate made by an auctioneer, at public auction, and properly subscribed by him, is a sufficient memorandum within the meaning of sections eight and nine of our Act. The decisions are based on the principle that the auctioneer is the agent, both of the vendor and vendee. It is also a recognised principle that *judicial sales* are not within the purview and meaning of the Act. The sale in this case having been made at public auction under the direct order of the Probate Court, and afterwards confirmed by that Court, must be regarded as a judicial sale, and binding upon all the parties thereto, unless set aside upon proper and sufficient exceptions to its cnfirmation; so that an agreement in writing, signed or subscribed by the parties, was not necessary. In this case the defendant, Guy, had an opportunity to object to the confirmation of the sale by the Probate Court; if he did not do so it is his own fault. New trial denied.